UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAURA REESE

VERSUS

USA WHEEL & TIRE OUTLET, ET AL.

CIVIL ACTION

NO. 18-1057-JWD-EWD

**<u>NOTICE AND ORDER</u>**

Plaintiff, Laura Reese ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court on April 27, 2018 seeking to recover damages for injuries allegedly sustained in a May 11, 2017 automobile accident. Per the Petition, Plaintiff named the following defendants: (1) USA Wheel & Tire Outlet, Inc.; (2) United Fire and Casualty Company; and (3) Barahona Herli.[1]

On November 30, 2018, USA Wheel & Tire Outlet, Inc. and United Fire Lloyds (which asserts it was incorrectly named as United Fire and Casualty Company) filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs and the parties are completely diverse.[2] Although the Notice of Removal adequately alleges the citizenship of Plaintiff, USA Wheel & Tire Outlet, Inc., and Barahona Herli,[3] the Notice of Removal is inadequate with respect to the currently named defendant in this action, United Fire and Casualty Company, as well as with respect to United Fire Lloyds.

First, despite United Fire Lloyds' assertion that it is the proper insurer defendant in this action, United Fire and Casualty Company is currently named as a defendant in this action. There

---

[1] R. Doc. 1-3, ¶ 1.

[2] R. Doc. 1.

[3] Per the Notice of Removal, Plaintiff is alleged to have been a citizen of Louisiana at the time suit was filed and a citizen of Michigan at the time this suit was removed. R. Doc. 1, ¶ 1. Barahona Herli is alleged to be a citizen of Texas and USA Wheel & Tire Outlet, Inc. is alleged to be a corporation incorporated in Texas with its principal place of business in Texas. R. Doc. 1, ¶ 2.

1

is nothing attached to the Notice of Removal to indicate that United Fire Lloyds has been formally substituted in the place of United Fire and Casualty Company. "To determine whether jurisdiction is present for removal, [the court] consider[s] the claims in the state court petition as they existed at the time of removal."[4] Accordingly, because United Fire and Casualty Company is a currently named defendant, the Notice of Removal must set out the citizenship of United Fire and Casualty Company.

Second, and assuming *arguendo* that United Fire Lloyds at some point seeks to become a party to this suit, the court notes that the allegations of United Fire Lloyds' citizenship in the Notice of Removal are insufficient.[5] The Notice of Removal provides only that United Fire Lloyds "is an insurance company incorporated in the State of Texas. It is neither incorporated in, nor has its principal place of business, in the State of Louisiana."[6] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[7] Further, the Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged,'"[8] and this court has previously held that "allegations phrased in the negative are insufficient."[9] Here, the Notice of Removal only sets out United Fire Lloyds' state of incorporation. To adequately

---

[4] *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] Because an adequate allegation regarding United Fire Lloyds' citizenship is not necessary to determine whether there is federal subject matter jurisdiction, this Notice and Order does not require amendment of the allegations regarding United Fire Lloyds in the Notice of Removal.

[6] R. Doc. 1, ¶ 1.

[7] *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[8] *Getty Oil*, 841 F.2d at 1259 (citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975); *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference)). *See also*, *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil,* 841 F.2d at 1259).

[9] *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, Civil Action No. 12-1252, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).

allege the citizenship of United Fire Lloyd's, that entity's state of incorporation and principal place of business must be alleged.

Accordingly,

**IT IS HEREBY ORDERED** that USA Wheel & Tire Outlet, Inc. and United Fire Lloyds shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of United Fire and Casualty Company. USA Wheel & Tire Outlet, Inc. and United Fire Lloyds shall have seven (7) days from this Notice and Order to file the Motion to Substitute. No further leave of court shall be required to timely file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on December 4, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**